I concur with the majority on the first two assignments of error, but respectfully dissent on the third.
In finding that the trial court did nor err in imposing a maximum sentence and yet remanding the case for resentencing, the majority invites the very talismanic words it correctly declares are not required.
I agree that the trial court is required to give its reasons for imposing the maximum sentence. Further, there are only two legitimate reasons for imposing the maximum sentence: (1) the crime committed was the worst form of the offense, or (2) defendant posed the greatest likelihood of committing future crimes. The statute requires the court to consider that criteria and to expressly state the reasons, along with the circumstances, that qualify the defendant to receive the maximum sentence. Here the court fully articulated the circumstances, but not the more abstract reason.
The defendant, however, failed to object to the trial court's omission and therefore waived the alleged error. Furthermore, it is obvious from the record that the outcome would not have been different, as the majority implicitly concedes when it affirms the specific sentence and rejects the second assignment of error. Thus appellant was not deprived of substantial justice. I see no reason, therefore, to remand the case for what is perfunctory and preordained: that is, a new journal entry that merely recites a reason for the same sentence.
I do not underestimate the importance of trial judges complying with the express requirement of the statute that they state the reasons in general terms, along with the specific circumstances, that qualify a defendant for the maximum sentence. Both the circumstances and the general reason are required by statute and helpful to a reviewing court. However, defense counsel also has a responsibility to object in a timely manner so that the trial court has the opportunity to correct any omissions that might occur.